296 Ga. 631
FINAL COPY

S15Y0021, S15Y0022. IN THE MATTER OF RODD WALTON (two cases).

PER CURIAM.

These disciplinary matters are before the Court on two Notices of Discipline filed by the State Bar against Respondent Rodd Walton (State Bar No. 736490). Each notice charged Walton with violating multiple provisions of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The State Bar seeks Walton's disbarment, and we agree that disbarment is the appropriate discipline in these cases.

Walton, who only provided a post office box address to the State Bar's Membership Department, failed to acknowledge service within twenty days of the Notices of Discipline having been mailed to his post office box. Accordingly, he was properly served by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). He failed to file Notices of Rejection and therefore is in default, has no right to an evidentiary hearing, and is subject to such discipline as may be determined by this Court, see Bar Rule 4-208.1 (b).

*Case No. S15Y0021*

By virtue of his default, Walton admits that a client retained him in 2012 for representation regarding the investigation of a second mortgage on property awarded to the client's ex-wife in a divorce. The client paid Walton a fee of $1,000 for that task. Walton failed to provide any documentation to indicate that he performed the work. Nevertheless, in July and August 2012, the client paid Walton additional fees totaling $11,600. Those fees were for representation regarding a contempt action against the client, except that $5,000 was to be placed in escrow for use in hiring an attorney in North Carolina, if necessary, on a probate matter. No funds were paid to the attorney in North Carolina as his services were not needed. In November 2012, the client provided a cashier's check in the amount of $24,000 to Walton that was to be used as follows: $15,000 was to be paid to an opposing party to obtain the release of an automobile that was in dispute in civil litigation; $7,000 was to be paid to the client's ex-wife to resolve contempt issues; and $2,000 was for additional attorney fees to Walton. Walton did not appear for the final contempt hearing, and the client was incarcerated for failing to pay the $15,000 per a prior consent order. Walton has failed to account for the funds that were provided to him to be paid to other parties, and has converted those funds to his own use. Walton

has not responded to the Investigative Panel in this matter. He appears to have abandoned his law practice and has not provided the State Bar with his current address. The Bar submits that this conduct violates Rules 1.3, 1.4, 1.5, 1.15 (I) and (II), and 9.3.

*Case No. S15Y0022*

By virtue of his default, Walton admits that a client retained him in 2010 to represent her regarding a June 2010 automobile accident in which she suffered injuries. Walton sent a demand letter to the insurer in May 2011, itemizing special damages in the amount of $97,086.26 and demanding settlement in the amount of $320,384.06. In July 2011 the client signed a limited release for settlement in the amount of $25,000, but she had no further substantive communication from Walton despite her repeated efforts to contact him by telephone, e-mail and mail. Walton did not provide the client with any information as to his receipt of the settlement proceeds or the disbursement of such proceeds, and he did not communicate with her regarding the status of his efforts to seek compensation under her underinsured motorist coverage. The client has not received any settlement proceeds, and her medical bills have not been paid. In March 2014, the client sent a letter to Walton terminating the

3

representation and requesting her file, but received no response. Walton has not responded to the Investigative Panel in this matter and, as noted above, appears to have abandoned his law practice. The Bar submits that this conduct violates Rules 1.3, 1.4, 1.15 (I), 1.16, and 9.3.

Although the Investigative Panel admits that Walton has no prior disciplinary history, it asserts that disbarment is warranted because Walton acted willfully and dishonestly in abandoning the legal matters entrusted to him, and in converting fiduciary funds and/or settlement proceeds to his own use. It also argues that disbarment is warranted because these two matters demonstrate a pattern of misconduct.

Based on our review of the record, we conclude that disbarment is the appropriate sanction in these matters. Accordingly, it is hereby ordered that the name of Rodd Walton be removed from the rolls of persons authorized to practice law in the State of Georgia. Walton is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided February 16, 2015.

4

Disbarment.

Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar, for State Bar of Georgia.